## BOGERT et v FIESINGER et

Ohio Appeals, 6th Dist, Erie Co

No 424. Decided Sept 25, 1934

Young & Young, Norwalk, for plaintiffs in error.

Hertlein & Schwer, Sandusky, Krueger & Rosino, Sandusky, W. L. Fiesinger, Sandusky, and True, Crawford & True, Port Clinton, for defendants in error.

### OPINION

PER CURIAM

A motion to strike the petition in error from the files on various grounds has been filed in this cause, but we are disposed to pass over this motion and decide the case upon its merits.

The East Bay Sporting Club executed certain cognovit notes in payment of claims made against it. Judgment was rendered on a number of these notes upon the power of attorney contained therein. A motion to vacate the judgment was later filed in the Court of Common Pleas by the parties named as plaintiff in error herein, who were then members of The East Bay Sporting Club and were then assuming to act for it. Later, motions to strike from the files the motions to vacate judgments were filed, and the court below sustained them. All of these motions were heard together, after the actions had been consolidated by the trial court.

This court is satisfied, on the whole, with the reasons given by the trial judge for the action taken in the court below. We may say that there is one principle to which special attention might be called. If the trustees were de jure officers of the corporation, the notes became binding obligations. On the other hand, if they were merely de facto officers and the third parties to whom the notes were given had no knowledge of want of legal power of the trustees, if they did lack power, the acts of de facto officers would also be binding on the corporation.

7 R.C.L. 435, §424;

14-A Corpus Juris, 78.

We are unable to draw the inference from the record that there was knowledge on the part of the persons to whom the notes were payable of want of legal power in the trustees, even if there was such want of power.

As we find no prejudicial error on the face of the record, the judgment will be affirmed.

Judgment affirmed.

RICHARDS and WILLIAMS, JJ, concur. LLOYD, J, not participating.